UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAM EARL THOMPSON | CIVIL ACTION |
| VERSUS | NO. 10-2637 |
| MARLIN N. GUSMAN, SHERIFF, ET AL. | SECTION "J"(4) |

### ORDER AND REASONS

On December 1, 2010, the *pro se* prisoner-plaintiff, Sam Earl Thompson ("Thompson"), filed a Motion for Reconsideration (Rec. Doc. No. 4) seeking reconsideration of the denial of his pauper status pursuant to the "three-strikes" provision at 28 U.S.C. § 1915(g). Thompson previously submitted the captioned complaint along with a motion to proceed *in forma pauperis*.[1] The records of this Court prove that Thompson has had five prior complaints, filed while he was incarcerated, which were dismissed in this Court as frivolous.[2] As a result, on September 3, 2010, the Court denied the pauper application pursuant to the "three-strikes" rule.[3]

As discussed in the Court's prior order, § 1915(g) provides that a prisoner shall not be allowed to bring a civil action as a pauper pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

---

[1] Rec. Doc. No. 1.

[2] *See* Rec. Doc. No. 2.

[3] *Id.*

the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under <u>imminent danger of serious physical injury</u>.

In his proposed complaint, Thompson his constitutional rights have been violated as a result of the revocation of his probation and his current incarceration after the state trial court found him not guilty and not guilty by reason of insanity. He made no allegation of imminent harm in that pleading. In the instant motion to reconsider, in an effort to establish imminent danger, Thompson alleges that he is housed in the Orleans Parish Prison system with violent inmates and a violent atmosphere. He argues that, *if* the other inmates find out about his mental state, he *may* end up in harms way.

The possibility of some future danger unrelated to the claims sought to be filed is not enough to overcome the three-strikes bar. The imminent danger factor must be present at the time of the filing of the complaint and be relevant to the claims urged. *See e.g.*, *Baños v. O'Guin*, 144 F.3d 883 (5th Cir. 1998); *Edmond v. Texas Dept. of Corr.*, 161 F.3d 8, 1998 WL 723877 (5th Cir. Oct. 7, 1998) (unpub.). That is not the case here.

At the time of the presentation of his complaint and pauper application, Thompson was not in imminent danger of physical harm and his claims in that complaint do not involve allegations of imminent danger. *Washington v. Sims*, No. 10-CV-2329-B, 2010 WL 5094030, at *2 (N.D. Tex. Nov. 22, 2010) (Report and Recommendation) ("The complaint, even when liberally construed, presents no claim that Plaintiff was in danger of any physical injury at the time of filing the same.") (citing *Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997).

Thompson has not established that he was in imminent danger of serious physical harm at the time of the submission of the complaint for filing for purposes of overcoming the three strikes provision of the § 1915(g).  For the foregoing reasons and those previously assigned,

**IT IS ORDERED** that Sam Earl Thompson's Motion to Reconsider (Rec. Doc. No. 2) is **DENIED**.

New Orleans, Louisiana, this 20th day of December, 2010.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**